UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATTY L. WHITE,

                     Plaintiff,

    -vs-                                  **No. 1:13-CV-01045 (MAT)**
                                                   **DECISION AND ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

## I.   Introduction

Represented by counsel, Patty L. White ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II.  Procedural History

The record reveals that in January 2010, plaintiff (d/o/b July 1, 1967) applied for DIB, alleging disability as of June 2009. After her applications were denied, plaintiff requested a hearing, which was held before administrative law judge William M. Weir ("the ALJ") on August 19, 2011. The ALJ issued an unfavorable decision on February 24, 2012. The Appeals Council denied review of that decision and this timely action followed.

**III. Summary of the Record**

Plaintiff initially injured her back in 2002, but returned to her job as a factory worker until June 2009, when she re-injured her back. She then remained out of work for approximately one year due to her injury. After returning to work in July 2010, she injured her shoulder and neck in September 2010. She did not return to work following that injury. Dr. Franco Vigna, an orthopedic surgeon, diagnosed plaintiff with lumbar disc herniation at L4-5 and L5-S1, bilateral lower extremity radiculopathy left worse than right, and bilateral lower extremity weakness. In February 2011, Dr. Vigna performed a left hemilaminotomy and discectomy at L4-5 and L5-S1. Subsequently, plaintiff attended physical therapy and reported decreased pain.

The record contains several functional assessments, the most recent of which came from Dr. Gerald Coniglio and Dr. Vigna. In June 2011, Dr. Coniglio, an orthopedic surgeon who examined plaintiff for worker's compensation purposes, opined that, among other restrictions, plaintiff could lift up to 10 pounds, must have an at-will sit/stand option, and should be provided with a "soft, well-padded chair." T. 419. Dr. Coniglio rated plaintiff as 75 percent temporarily disabled, and recommended continued treatment through physical therapy and steroid injections. In July 2011, Dr. Vigna opined that plaintiff could occasionally lift or carry no more than 10 pounds, stand and/or walk less than three hours, sit less than three hours, must have a sit/stand option every 15 to 30

minutes, and could not climb, stoop, or bend. He indicated, however, that plaintiff had not yet reached maximum medical improvement, and recommended a work hardening program and continued physical therapy. He opined that plaintiff's capabilities would increase by August 24, 2011.

At her hearing in August 2011, plaintiff testified that she could lift 10 pounds, could sit for one hour before needing to move around, and could stand for one hour and walk one block before getting tired. She testified that she helped her husband with household cleaning, laundry, and cooking, although she reported burning herself cooking. She reported an inability to use a computer for more than an hour at a time.

## IV.  The ALJ's Decision

Initially, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2014. At step one of the five-step sequential evaluation, see 20 C.F.R. § 404.1520, the ALJ determined that plaintiff had not engaged in substantial gainful activity since June 5, 2009, the alleged onset date. At step two, the ALJ found that plaintiff suffered from the severe impairments of degenerative disc disease and status post industrial accident. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the

3

RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that she was unable to perform repetitive bending or twisting. At step four, the ALJ found that plaintiff was capable of performing past relevant work as a factory worker. Accordingly, the ALJ did not proceed to step five and determined that plaintiff was not disabled.

**V.   Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

**A.   Credibility**

Plaintiff contends that the ALJ failed to properly assess her credibility. Specifically, plaintiff argues that the ALJ failed to perform a sufficiently detailed analysis of her credibility, failed to properly consider her positive work history as a credibility factor, and failed to consider plaintiff's subjective complaints of pain. A review of the ALJ's decision reveals that he thoroughly reviewed plaintiff's testimony and reports of pain and limitations, and compared plaintiff's reports to the medical evidence of record. See T. 24-27. In coming to his finding that plaintiff's reports

were not entirely credible, the ALJ cited the requirements of 20 C.F.R. § 404.1529, SSR 96-4p, and SSR 96-7p.

The ALJ's discussion, which incorporates his review of the testimony, indicates that he used the proper standard in assessing credibility, especially in light of the fact that he cited the relevant authorities in that regard. See Britt v. Astrue, 486 F. App'x 161, 164 (2d Cir. 2012) (finding explicit mention of 20 C.F.R. § 404.1529 and SSR 96-7p as evidence that the ALJ used the proper legal standard in assessing the claimant's credibility); Judelsohn v. Astrue, 2012 WL 2401587, *6 (W.D.N.Y. June 25, 2012) ("Failure to expressly consider every factor set forth in the regulations is not grounds for remand where the reasons for the ALJ's determination of credibility are sufficiently specific to conclude that he considered the entire evidentiary record."). The ALJ's conclusion that plaintiff's reports were not credible because they were inconsistent with substantial record evidence was thus based on a proper application of the law and is supported by substantial record evidence. See Pietrunti v. Dir., Office of Workers' Comp. Programs, 119 F.3d 1035, 1042 (2d Cir. 1997) ("Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are 'patently unreasonable.'").

### B. Necessity of Vocational Expert Testimony

Plaintiff contends that the ALJ erred in failing to obtain vocational expert ("VE") testimony to assess plaintiff's ability to

5

perform work in the national economy given her nonexertional limitations. Plaintiff argues that, pursuant to SSR 83-12, the ALJ had a duty to consult a VE because plaintiff required a "soft, well-padded chair," required a sit/stand option, and could not stoop. Doc. 12-1 at 8. The only nonexertional limitation found by the ALJ, however, was that plaintiff could not perform repetitive bending or twisting.[1] There is no indication from the record or from precedent that such a limitation, by itself, would so substantially erode plaintiff's sedentary occupational base that VE testimony was necessary. See Zabala v. Astrue, 595 F.3d 402, 410-11 (2d Cir. 2010) ("[T]he 'mere existence of a nonexertional impairment does not automatically . . . preclude reliance on the guidelines.'"); Medley v. Colvin, 2015 WL 4112477, *5 (W.D.N.Y. July 8, 2015) ("[S]ince Plaintiff's non-exertional limitations did not significantly erode her occupational base for work at all exertional levels, the ALJ properly applied Grid Rule 204.00 as a framework for determining that Plaintiff was not disabled within the meaning of the Act.").

## VI. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 12) is denied and the Commissioner's motion (Doc. 13) is granted. The ALJ's finding that plaintiff was not disabled is supported by substantial evidence in the record, and

---

[1] Significantly, plaintiff's brief does not challenge the adequacy of the RFC finding.

6

accordingly, the Complaint is dismissed in its entirety with prejudice.  The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                             **S/Michael A. Telesca**
                                             HON. MICHAEL A. TELESCA
                                             United States District Judge

Dated:   September 14, 2016
         Rochester, New York